IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DALLAS FAITH CHILDERS,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 20-CIV-487-RAW |
| | ) |
| **JEFFREY PAUL WATTS, et al.,** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**<u>ORDER</u>**

Before the court is the renewed partial motion to dismiss of certain defendants. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Walker v. Mohiuddin,* 947 F.3d 1244, 1248-49 (10th Cir.2020). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 1249. In making this assessment, this court accepts as true all well-pleaded factual allegations in a complaint and views these allegations in the light most favorable to the plaintiff. *Id.*

In the first amended complaint, it is alleged that at all pertinent times plaintiff was a student at defendant Independent School District No. 1 of Pushmataha County, Oklahoma, known as Rattan High School ("School"). Defendant Watts was a teacher and coach at the

School and was plaintiff's softball coach during the 2018-2019 school year. Defendant Neil Birchfield was the principal of the School and defendant Michelle Birchfield was a school counselor.

Plaintiff alleges that Watts engaged in inappropriate conduct with her on several occasions. Plaintiff reported the conduct to both Neil and Michelle Birchfield, who took no action. After two other incidents, plaintiff and her father met with both Birchfields, who again took no action and Watts remained as softball coach. Plaintiff and her father contacted law enforcement about the alleged conduct of Watts. At that point, the School placed Watts on paid leave, but still allowed him to attend Rattan High School softball games. Ultimately, plaintiff transferred schools. On or about December 10, 2019, Watts was charged with sexual battery in Pushmataha County.[1]

As to defendant Watts, the amended complaint alleges (1) sexual battery and (2) invasion of privacy. As to the defendants Birchfield, the amended complaint alleges negligence. As to defendant School, the amended complaint alleges (1) negligence, (2) negligent hiring, retention, training and supervision, (3) violation of the Oklahoma Constitution, (4) violation of rights enforced by 42 U.S.C. §1983, and (5) violation of Title IX.

---

[1] This court has independently reviewed the state court docket sheet and it appears the criminal charge has now been dismissed, but under what terms is unclear. Defendant Watts filed notice of bankruptcy in this court (#39) and the case is stayed as to him.

The present motion is by all defendants except Watts.  The Birchfields seek dismissal on the basis that the Oklahoma Governmental Tort Claims Act ("GTCA"), does not permit a plaintiff to assert a negligence claim directly against a governmental employee arising out of acts or omissions within the scope of their employment.  *See* 51 O.S. §163(C).  In response, plaintiff has conceded this aspect of the motion.  (#18 at 3).

The next argument of movants is that plaintiff's claim for negligent hiring, training, and/or supervision is barred by the GTCA.  One provision of the Act recognizes an exemption from liability for the "[p]erformance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees."  51 O.S. §155(5).  The "clear weight" of authority holds generally that hiring, training, and supervision fall within this "discretionary function" exemption.  *See Easter for Estate of Patrick v. Okla. Dept. of Wildlife Conservation,* 2020 WL 3454554, *4 (E.D.Okla.2020).

Plaintiff argues that the case at bar is distinguishable because plaintiff herein claims that the School knew of Watts' history of inappropriate sexual actions toward her and yet took no action to remove Watts from his position, or conduct an internal investigation.  The court agrees with this distinction in part at this stage.

The amended complaint alleges that "[u]pon information and belief, Watts has a history of inappropriate sexual actions against minor female students *during his employment* with Rattan Public Schools."  (#13 at ¶22)(emphasis added).  There is no allegation of knowledge on the School's part at the time Watts was initially hired.  Therefore, a plausible

3

claim of negligent hiring (or training) is not present. On the other hand, the amended complaint does allege that the School was notified of Watts' alleged conduct toward plaintiff (leaving aside whether the amended complaint suggests similar conduct toward other students) and that the School took no action. Under existing precedent, this appears to state a plausible claim for negligent supervision or retention.

"[A]ll acts of government employees involve some element of choice and judgment and would thus result in immunity if the discretionary exemption is not narrowly construed." *Garcia v. Delaware Co. Bd. of Co. Comm'rs,* 2019 WL 1474000, *2 (N.D.Okla.2019)(denying motion to dismiss in the absence of "a controlling decision regarding the applicability of the discretionary function exemption to a claim of negligent hiring, training, and supervision.") *See also Pointer v. City of Tulsa,* 2014 WL 4244290, *9 (N.D.Okla.2014)(plaintiff's claim for failure to supervise did not involve general training of officers, but instead alleged the City had reason to know that officers were violating citizens' rights and the City failed to take appropriate steps to supervise. This relates to actions or inactions of an <u>operational</u> [as opposed to policy or planning decisions, which are considered discretionary and hence immune] nature and states a plausible claim at the motion to dismiss stage.)² Plaintiff's argument that, even if such a claim is barred by the GTCA, it may

---

²The School cites *Jackson v. Oklahoma City Public Schools,* 333 P.3d 975, 979 (Okla.Civ.App.2014), which stated that "a school's hiring, training, and supervising decisions are discretionary and therefore a school may not be liable for damages resulting from those decisions." As the court noted in *Garcia*, a decision by the Oklahoma Court of Civil Appeals is only persuasive authority. Also, the *Jackson* decision (which was a review of summary judgment in any event) did not have the allegations of knowledge and subsequent inaction which the case at bar presents.

proceed as a claim pursuant to *Bosh v. Cherokee County Building Authority,* 305 P.3d 994 (Okla.2013), is moot.

Movants next seek dismissal of plaintiff's claims pursuant to the Oklahoma Constitution. Such claims are subject to the strictures and exemptions of the GTCA. *See Sloane v. Okla. Dept. of Human Services,* 2020 WL 1644259, *4 (E.D.Okla.2020). The Act requires that the employee's conduct be within the scope of his employment. *See* 51 O.S. §153(A). The phrase is defined in 51 O.S. §152(12). Plaintiff argues that whether an employee acted within the scope of employment is a question of fact. This is generally true, but the issue is one for the court where only one reasonable conclusion can be drawn from the facts. *Arndt v. City of Medicine Park,* 2019 WL 6499138, *4 (W.D.Okla.2019). Courts have held as a matter of law that a sexual assault is outside the scope of a school employee's employment. *See Johnson v. Indep. Sch. Dist.,* 2018 WL 1732070, *4 (W.D.Okla.2018). These claims are also dismissed.[3]

---

[3]In light of the court's rulings, movants' ancillary argument that plaintiff's state-law claims should be aggregated as a single claim is moot.

It is the order of the court that the renewed partial motion to dismiss (#15) is hereby granted in part and denied in part. Count 3 (the negligence claim against the defendants Birchfield) is dismissed and the Birchfields are terminated as party defendants. Count 4 is dismissed as to a negligent hiring claim only. Count 4 proceeds at this time as a negligent retention and supervision claim. Count 5 (under the Oklahoma Constitution) is dismissed. All remaining claims (which were not the subject of the motion) proceed at this time.

**ORDERED THIS 20th DAY OF SEPTEMBER, 2021.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**